UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEANNA ADAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-CV-2462 (CEJ) |
| | ) | |
| FRESENIUS MEDICAL CARE NORTH | ) | |
| AMERICA, INC.[1] et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions to stay and to sever, and

plaintiffs' motion to remand this action to the Missouri state court from which it was

removed.  The issues are fully briefed.

### I.    Background

On October 10, 2013, eleven plaintiffs filed this products liability action in the

Circuit Court for the Twenty-Second Judicial Circuit (City of St. Louis).  Plaintiffs seek

monetary damages for injuries or deaths they or their decedents allegedly sustained as

the result of the use of GranuFlo® dialysis products designed, manufactured, tested,

promoted and sold by one or more of the Fresenius defendants.  Plaintiffs bring claims

for breach of express and implied warranty, negligence, strict liability, negligent

misrepresentation and/or fraud, and loss of consortium.

On December 9, 2013, defendants removed the action to this Court, invoking

jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  The

defendants are citizens of New York, Massachusetts, and Delaware.[2]  Plaintiff Edward

---

[1]Defendants state in their notice of removal that "Fresenius Medical Care North America, Inc." is not a legal entity.  The Court will disregard this "defendant" for the purposes of plaintiffs' motion.

[2]Fresenius USA, Inc., is organized under the laws of Massachusetts; Fresenius Medical Care Holdings, Inc., is organized under the laws of New York; Fresenius USA

Grenham is a citizen of Massachusetts.     Defendants assert that the claims of the eleven plaintiffs have been improperly joined and should be severed.  In the alternative, defendants argue that the non-diverse plaintiff was misjoined in an attempt to prevent removal.

## II.   Motion to Stay

Defendants move to stay proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on their motion to transfer this case to the MDL proceeding, _In re_ Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig., MDL No. 2428. However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed."  Spears v. Fresenius Med. Care N. Am., Inc., 4:13-CV-855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (citations omitted).  "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction."  Id.  Waiting for a decision by the JPML before ruling on the motion to remand "would not promote the efficient administration of justice."  Id.  Accordingly, defendants' motion to stay will be denied.

## III.   Motion to Remand

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there."  In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)).   The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768

---

Manufacturing, Inc., and Fresenius USA Marketing, Inc., two are organized under the laws of Delaware.  Fresenius USA Sales, Inc., was organized under the laws of Massachusetts but was dissolved in 2010.  All five defendants have their principal place of business in Massachusetts.

(8th Cir. 2005).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).  A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Removal in this case was premised on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  There is no dispute that one plaintiff is a citizen of the same state as the defendants and thus complete diversity is lacking on the face of the complaint. Defendants argue that this Court nonetheless has jurisdiction because the nondiverse plaintiff has been fraudulently misjoined.

The Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted where there is fraudulent misjoinder.   In Prempro, the court discussed the doctrine of fraudulent misjoinder:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction. Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Prempro, 591 F.3d at 620 (footnotes omitted).

In Prempro, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs.  The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined, because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a).

The Prempro court declined to either adopt or reject the fraudulent misjoinder doctrine, because it found that, even if the doctrine were applicable, the "plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id. at 622.  In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, i.e., the existence of a link between the HRT drugs and plaintiffs' injuries.  Id. at 623.  The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'. . .").

In the instant case, defendants have not demonstrated that the joinder of a Massachusetts citizen with the other plaintiffs in this action "borders on a 'sham.'" Prempro, 591 F.3d at 624.  As this Court has found in several recent cases, the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect plaintiffs' claims.  See, e.g., Agnew v. Fresenius Medical Care North America, Inc., No. 4:13-CV-2468 (TCM) (E.D. Mo. Jan. 9, 2014)

(GranuFlo®); Spears v. Fresenius Med. Care N. Am., Inc., 4:13-CV-855 CEJ, 2013 WL 2643302 (E.D. Mo. June 12, 2013) (GranuFlo®); T.F. v. Pfizer, Inc., No. 4:12-CV-1221 (CDP), 2012 WL 3000229 (E.D. Mo. July 23, 2012) (Zoloft®); S.L. v. Pfizer, Inc., No. 4:12-CV-420 (CEJ) (E.D. Mo. Apr. 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, No. 4:10-CV-971 (CDP), 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®). Similarly, plaintiffs in this case have filed suit against defendants for injuries or death caused by the same product and arising out of the same development, distribution, marketing, and sales practices for that product, and common issues of law and fact are likely to arise in the litigation.

Defendants argue that each plaintiff's claim will depend upon unique factual determinations, that numerous different states' laws apply to plaintiffs' claims, and that plaintiffs' joinder was specifically calculated to defeat federal jurisdiction. The Court finds these arguments unpersuasive. "Plaintiffs' claims need not arise from the same transaction or occurrence, nor must they share a common outcome, so long as common questions of law or fact are likely to arise in the litigation." Spears, 2013 WL 2643302, at *3 (citing Prempro, 591 F.3d at 622-23); see also Agnew at **8-9 (rejecting defendants' argument that there was fraudulent misjoinder because plaintiffs received care from different doctors at different times). Finally, "the bad faith referred to [in Prempro] must be something more than a desire to defeat federal jurisdiction." Dickerson v. GlaxoSmithKline, LLC, No. 4:10-CV-972 (AGF), 2010 WL 2757339, at *2 (E.D. Mo. July 12, 2010) (citing Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1997)).

Defendants also assert that plaintiff Grenham's claims fail on the merits and his joinder is thus improper. They argue that the case is based on their alleged failure to provide adequate warnings before a product recall was issued in March 2012. Plaintiff

Grenham was treated with a GranuFlo® product in October 2012 and, defendants argue, his claims must be ignored.  Defendants fail to acknowledge that plaintiffs also allege that they were harmed by defendants' inadequate recall campaign.  Plaintiff Grenham's claims share common questions of law or fact with those of the other plaintiffs.

Plaintiffs were not egregiously joined in this suit and, thus, there is no complete diversity of citizenship as required by 28 U.S.C. § 1332.  This matter must be remanded for lack of subject matter jurisdiction.[3]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this action [Doc. #19] is **granted**.

**IT IS FURTHER ORDERED** that  the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that defendants' motion to sever plaintiffs' claims [Doc. #2] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to stay proceedings pending the decision of the JPML [Doc. #5] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2014.

---

[3]Plaintiffs also argue that the removal was untimely under 28 U.S.C. § 1446(b)(1).  Because the Court finds it lacks subject-matter jurisdiction, there is no need to address this argument.